## ARNE VAGE v. BENNIE INGBERG.[1]

October 21, 1927.

No. 26,214.

**Evidence insufficient to prove negligence on part of defendant.**
> In an action to recover damages for personal injury, evidence *held* insufficient to justify a finding of negligence on the part of defendant.

Negligence, 29 Cyc. p. 621 n. 92.

Defendant appealed from an order of the district court for Norman county, Grindeland, J., denying his alternative motion for judgment or a new trial. Reversed.

*M. A. Brattland*, for appellant.

*Christian G. Dosland* and *Goodwin LeRoy Dosland*, for respondent.

QUINN, J.

Action to recover damages for personal injuries sustained by plaintiff while cranking a gasolene tractor. There was a verdict of $188.75 in favor of the plaintiff. From an order denying his alternative motion for judgment or for a new trial, defendant appealed. Whether there was any evidence showing that the defendant was guilty of any negligence which contributed to plaintiff's injury is the only question presented upon this appeal.

In 1917 Bernhard, Joseph and Samuel Ingberg bought a gasolene threshing outfit, including the tractor in question, which they oper-

[1]Reported in 215 N. W. 671.

ated in threshing grain in Norman county until and including the threshing season of 1924. Bernhard was usually in charge of the tractor and Samuel of the separator. In the fall of 1921 they were threshing for their brother Albert on his farm at a given price per bushel. The plaintiff was in the employ of Albert as a farm-hand, by the month. At the time in question, his work about the machine was the hauling of grain from the machine to the granary.

The tractor had a 30-horsepower gasolene engine, generally used upon the farm for plowing, shredding and threshing. To start the engine, the operator would take hold of the crank handle, usually with both hands, and turn the crankshaft, which would cause the magneto to revolve, thereby creating a spark which would ignite the gasolene in the cylinder and impel or drive the engine.

On the morning in question, the engine was cold and did not respond readily to the turning of the crankshaft. After turning the crank for some considerable time, Sam sat down to rest and Mr. Landro undertook the task. When he tired, the plaintiff took hold of the crank with both hands and undertook to turn it. He testified in effect that while he was doing chores at the barn, within sight of the machine, Albert came along and told him to go and help start the tractor, which he did; that at the time he undertook to crank Bernhard was up on top of the tractor, near the oil pump; that after he had turned the crank a time or two he rested while Bernhard removed and scraped a spark plug; that he then undertook to turn the crank again, and that as his hands came down to about a level with his waist the crank flew back with such force as to throw him some six or eight feet, thereby injuring his right arm at the elbow; that as the crank flew back it pulled him with his full weight and stretched his arms so as to break a bone at the elbow; that, as he understood, it was a backfire which caused the crank to fly back.

The defendant testified in effect that his brothers Samuel and Joseph were joint owners of the machine with him; that his brother Albert had no interest in it; that the crankshaft was on the left side of the tractor about four and one-half feet above the ground;

that the crank was about two feet long with a handle long enough so it could be taken hold of with both hands and to start the engine it had to be cranked; that at the time the plaintiff undertook to crank he was in the cab of the tractor filling a priming can and, just as he finished and looked up, the kick on the crank, which injured the plaintiff, came; that he was not regulating the spark nor trying to start the ignition; that there was no exhaust when the kick came to indicate backfire; and that it was his opinion that the kick on the crankshaft came from the compression.

It is alleged in the complaint that during the season of 1921 plaintiff was in the employ of Albert Ingberg as a farm-hand, by the month, and as such assisted in the threshing; that while plaintiff was so employed the defendant, Bernhard Ingberg, carelessly and negligently ordered plaintiff into a place of danger, namely, to assist in cranking said gasolene engine; and that while plaintiff was so engaged in cranking such engine the defendant so carelessly and negligently ran, operated and managed said engine, and especially the ignition thereof, as to cause the engine to backfire, thereby causing the crank held by plaintiff to be thrown backward with great force and violence, thereby injuring plaintiff, etc.

We have searched the record in vain for proof of any negligence on the part of the defendant in operating the tractor at the time in question; nor is there any evidence that plaintiff undertook to crank the engine at the command or suggestion of the defendant. The plaintiff did not so testify, and the defendant testified that he did not know that plaintiff was at the crank until he looked up after filling the priming can. It is undisputed that the tractor was in good running condition at the time and that it continued so to be for three years thereafter.

There is no showing that the kick of the crank was due to any act or omission on the part of the defendant. The testimony of the defendant that he did not attempt in any manner to regulate the spark or to start the ignition stands undisputed. The testimony of other witnesses who worked with the tractor, both before and after the accident, was undisputed that the tractor was in good order and

worked perfectly, and that there was no apparent defect in the construction of the machine or in its repair.

Upon the evidence in this case, we are of the opinion that the defendant is entitled to judgment. It is so ordered.

Reversed.